Eastern District of Kentucky
F I L E D

AUG 2 5 2020

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:19-cr-00024-GFVT

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          **PLEA AGREEMENT**

DENVER D. TACKETT, DMD                                      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of Indictment, charging a violation of 18 U.S.C. § 1347, health care fraud. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2-16 of the Indictment.

2. The essential elements of Count 1 are:

   (a) the defendant knowingly and willfully executed a scheme to defraud a health care benefit program in connection with the payment for health care benefits, items, or services; and

   (b) the scheme included a material misrepresentation or concealment of a material fact; and

   (c) the defendant had the intent to defraud.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) During the timeframe charged in the Indictment, the Defendant was a licensed dentist who owned and operated Tackett Family Dentistry ("TFD") in McDowell, Kentucky, which is in the Eastern District of Kentucky.

(b) During the relevant time period, patients presented to TFD with a variety of dental needs and ailments. The Defendant submitted claims for reimbursement for dental procedures and services performed at TFD to Kentucky Medicaid, through its fiscal intermediaries.

(c) During the timeframe charged in the Indictment, the Defendant performed, and submitted claims for, dental procedures that were not reasonable and necessary for the diagnosis and treatment of a patient's illness or injury. For instance, the Defendant submitted claims for "surgical" extractions when (1) he had only performed a "simple" extraction (a lower reimbursing procedure); or (2) a "surgical" extraction was not medically reasonable or necessary given the patient's condition and needs. Additionally, the Defendant submitted separate claims for medically unnecessary alveoloplasty procedures that were related or incidental to one or more medically unnecessary extractions. The Defendant also submitted claims for "emergency palliative" care without sufficient medical need or justification. Further, the Defendant submitted claims for "incise and drain" procedures when he had not actually performed a reimbursable "incise and drain" procedure or the "incise and drain" was related to an earlier, unnecessary extraction.

(d) Sample executions of this scheme are listed in Paragraph 21 of the Indictment, and the Defendant admits that he knowingly and willfully caused claims to be submitted for each of these medically unnecessary procedures, among others, to Kentucky Medicaid.

(e) In total, the Defendant submitted (or caused the submission of) more than $95,000 in reimbursement claims to Kentucky Medicaid and its fiscal intermediaries for medically unnecessary dental procedures.

(f) Additionally, in the course of performing and billing for the procedures described above, the Defendant prescribed opioid pain killers, such as oxycodone and hydrocodone.

4. The statutory punishment for Count 1 is not more than 10 years imprisonment, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.

A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2B1.1, the based offense level for Count 1 is 6.

    (c) The parties agree that pursuant to U.S.S.G. § 2B1.1(b)(1), at least an 8-level increase will apply because the total amount of loss is greater than $95,000. The United States reserves the right to present proof and argument at sentencing in favor of a higher loss amount. The Defendant retains the right to oppose an enhancement above an 8-level enhancement under U.S.S.G. § 2B1.1(b)(1).

    (d) Pursuant to U.S.S.G. § 3B1.3, increase the offense level by 2 levels because the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (f) Pursuant to U.S.S.G. § 5E1.1, the Defendant agrees to pay at least $ $70,012.48 in restitution to the following entities: (1) $20,860.35 to WellCare (2) $13,370.04 to Aetna Better Health; (3) $12,101.20 to Passport Health; and (4) $24,309.69 to the Department of Medicaid Services.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

3

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant agrees to forfeiture in the form of a money judgment in the amount of $20,000, and will execute any documents necessary for this forfeiture.

9. The Defendant has surrendered his Drug Enforcement Administration ("DEA") registration and agrees that he will refrain from seeking a registration from the DEA at any point in the future.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without

written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

5

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 8/25/20    By: _____
Andrew E. Smith
Assistant United States Attorney

ROBERT ZINK
Chief, Fraud Section

ALLAN MEDINA
Deputy Chief, Health Care Fraud Unit

Date: 8/25/20    By: _____ for:
Katherine Payerle
Assistant Chief

United States Department of Justice
Criminal Division, Fraud Section

Date: _DT 8/25/20_                    _____
                                      Dr. Denver Tackett
                                      Defendant


Date: _9-25-20_                       _____
                                      Andrew L. Sparks
                                      Attorney for Defendant

7